Filed 12/11/20  P. v. Nash CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090575 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE006940) |
| v. | |
| DAVID ARNOLD NASH, | |
| Defendant and Appellant. | |

A trial court sentenced defendant David Arnold Nash to an aggregate term of 10 years in state prison, which included one year each for four prior prison term enhancements.  Defendant contends the prior prison term enhancements should be vacated based on the retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), which the People concede.  We will strike the prior prison term enhancements, remand the case for resentencing, and otherwise affirm the judgment.

## I.  BACKGROUND

A jury found defendant guilty of one count of possession of methamphetamine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and one count of

1

being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).[1] The jury also found true allegations that defendant had served four prior prison terms: one for a 1997 conviction for reckless evasion of a police officer (Veh. Code, § 2800.2, subd. (a)), one for a 2001 conviction for assault with personal infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a)), one for a 2011 conviction for unlawfully taking/driving a stolen vehicle (Veh. Code, § 10851, subd. (a)), and one for a 2013 conviction for being a felon in possession of a firearm (§ 29800, subd. (a)(1)). At the sentencing hearing, the court sentenced defendant to an aggregate term of 10 years in state prison, which included one year each for the four prior prison term enhancements. (§ 667.5, subd. (b).)

## II. DISCUSSION

Defendant argues his prior prison term enhancements must be vacated based on the retroactive application of Senate Bill 136. The People agree, as do we.

On October 8, 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.), which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined. The amended provision states, in pertinent part: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison

---

[1] Undesignated statutory references are to the Penal Code.

term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).)

None of defendant's prior prison terms were for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. Defendant is therefore entitled to the ameliorative benefit of the statute if Senate Bill 136 is applied retroactively. We agree with the parties that the amendment to section 667.5, subdivision (b) should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 [noting "the role of a court is to determine the intent of the Legislature"].) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct, an inference arises under *Estrada*[2] that, " 'in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara, supra*, at p. 308.) "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. [Citation.]" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

Senate Bill 136 narrowed who was eligible for a section 667.5, subdivision (b) prior prison term enhancement, thus rendering ineligible many individuals, including defendant, who served prior prison sentences. There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this

---

[2] *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

amendment to all individuals whose sentences are not yet final. Under these circumstances, we conclude *Estrada*'s inference of retroactive application applies, and defendant's section 667.5, subdivision (b) prior prison term enhancements should be stricken. (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada* inference of retroactivity to legislative changes to former § 12022.6, subds. (a) & (b) enhancements].)

The parties agree the case should be remanded for resentencing because the trial court imposed less than the maximum sentence. We agree with the parties and will remand the matter for full resentencing to allow the court to exercise its discretion in light of the changed circumstances. (See *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15; *People v. Hill* (1986) 185 Cal.App.3d 831, 834.)

## III. DISPOSITION

We modify the judgment to strike defendant's section 667.5, subdivision (b) prior prison term enhancements. As modified, the judgment is affirmed. The matter is remanded for resentencing not inconsistent with this opinion.


/S/

_____

RENNER, J.


We concur:


/S/

_____

DUARTE, Acting P. J.


/S/

_____

HOCH, J.


4